IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH L. BLACK, II, | ) | CASE NO. 1:18CV00205 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JACK ZOUHARY |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| CHAE HARRIS, | ) | JONATHAN D. GREENBERG |
| Warden | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Before the Court

is the Petition of Kenneth L. Black, II ("Black" or "Petitioner"), for a Writ of Habeas Corpus

filed pursuant to 28 U.S.C. § 2254. Black is in the custody of the Ohio Department of

Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Black,*

Richland County Case No. 2012-CR-0489D. For the following reasons, the undersigned

recommends the Petition be DISMISSED.

## I. Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment

of a state court, factual determinations made by state courts are presumed correct unless rebutted

by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695

F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011).  The

state appellate court summarized the facts underlying Black's conviction as follows:

> {¶ 2} On August 13, 2012, under common pleas case number
> 2012–CR–0489, the Richland County Grand Jury indicted appellant on one
> count of aggravated burglary (a first-degree felony), two counts of
> kidnapping (both first-degree felonies), one count of assault (a fourth-degree
> felony), one count of having weapons under a disability (a third-degree
> felony), and one count of possessing a defaced firearm (a first-degree
> misdemeanor). The first three counts each included a repeat violent offender
> specification. The charges stemmed from appellant's July 20, 2012 armed
> break-in of his estranged wife's residence.
>
> {¶ 3} On October 10, 2012, under 2012–CR–0489, appellant pled guilty to
> all six counts and the three RVO specifications. Appellant and the State
> jointly recommended an agreed sentence. The trial court thereupon
> sentenced appellant to six years in prison on Count I, six years on Counts II
> and III (merged), eighteen months on Count IV, two years on Count V, and
> six months on Count VI. The terms were ordered to be served concurrently,
> but consecutive to an 861–day prison sentence imposed under case number
> 2008–CR–0288 for violating appellant's post-release control in that case.

*State v. Black*, 2016-Ohio-5612, at ¶¶2-3 (Ohio App. 5th Dist., Aug. 16, 2016).

## II. Procedural History

### A.     Trial Court Proceedings

On August 13, 2012, the Richland County Grand Jury indicated Black with (1) one count

of aggravated burglary in violation of Ohio Revised Code ("O.R.C.") §2911.11(A)(2)(Count

One); (2) two counts of kidnapping in violation of O.R.C. §2905.01 (Counts Two and Three); (3)

one count of assault in violation of O.R.C. §2903.13 (Count Four); (4) one count of having

weapons under a disability in violation of O.R.C. §2923.13 (Count Five); and (5) one count of

possessing a defaced firearm in violation of O.R.C. §2923.201 (Count Six).  (Doc. No. 7-1, Exh.

1.)  Black entered pleas of guilty to all charges.  (Doc. No. 7-1, Exh. 2.)  Pursuant to a plea

agreement, Black and the State agreed Counts Two and Three were allied offenses and

recommended an agreed upon sentence of six years plus post release control. (*Id.*)

On October 10, 2012, the state trial court held a sentencing hearing, at which time the court merged Counts Two and Three. (Doc. No. 7-1, Exh. 3.) The trial court sentenced Black to six years on Count One, six years on the merged Counts Two and Three, 18 months on Count Four, two years on Count Five, and six months on Count Six, with five years mandatory post release control. (*Id.*) The trial court ordered these sentences to be served concurrently, for an aggregate sentence of six years. (*Id.*) However, the trial court ordered Black to serve his six year sentence consecutively to a 861-day prison sentence for violating post release control in Richland County Case No. 2008-CR-288D. (*Id.*) Black did not file a direct appeal.

**B.     Petition to Vacate or Set Aside Judgment/Motion to Vacate Judicial Sanction**

On March 29, 2013, Black, proceeding *pro se*, filed a "Petition to Vacate or Set Aside Judgment of Convivtion[sic] or Sentence" with the state trial court. (Doc. No. 7-1, Exh. 5.) Within this Petition,[1] Black raised the following grounds for relief:

     I.     Petitioner was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to file a notice of appeal as requested;

     II.     Petitioner was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to file a notice of appeal when the trial court imposed a void judicial sanction of petitioner;

     III.     Petitioner was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to file a notice of appeal when the trail court failed to imposed post release control for assault and having weapon while under

---

[1]  Black also filed an "Affidavit in Support of Petition for Post Conviction Relief" and a Motion For Appointment of Counsel in connection with this Petition. (Doc. No. 7-1, Exh. 6, 7.)

3

disability;

IV.     Petitioner was denied effective assistance of counsel in violation of
        the Sixth Amendment to the United States when counsel failed to file
        a notice of appeal when the trial court imposed sentences on allied
        offense of similar imports; and

V.      Petitioner was denied effective assistance of counsel in violation of
        the Sixth Amendment of the United States Constitution when counsel
        failed to file a notice of appeal when the trial court ordered petitioner
        to pay 'any fees permitted pursuant to revised code section 2929.18.

(*Id*.)  The State filed a response in opposition.  (Doc. No. 7-1, Exh. 8.)

On April 26, 2013, Black filed a "Motion for Appointment of Counsel and Transcripts at

States' Expense," asserting he could not "seek effective post conviction relief without the

transcripts of the plea and sentencing proceedings."  (Doc. No. 7-1, Exh. 9.)  That same date,

Black also filed "Written Submissions in Support of Petition for Post Conviction Relief."  (Doc.

No. 7-1, Exh. 10.)

On July 17, 2013, Black, with the assistance of counsel, filed a "Motion to Vacate

Judicial Sanction."  (Doc. No. 7-1, Exh. 11.)  Within this Motion, Black argued the "861-day

judicial sanction was illegal, and that portion of Mr. Black's sentence in Case No. 2012 CR

0489D must be vacated."  (*Id*.)

On September 23, 2013, the State filed a response, to which Black, through counsel,

replied.  (Doc. No. 7-1, Exh. 12, 13.)

On February 5, 2014, the state trial court issued a "Judgment Entry Overruling Various

Motions of the Petitioner."  (Doc. No. 7-1, Exh. 14.)  Within this Judgment Entry, the state trial

court denied Black's March 29, 2013 Petition, his March 29, 2013 Motion for Counsel, and his

July 17, 2013 Motion to Vacate.  (*Id*.)

4

On March 3, 2014, Black, proceeding *pro se*, filed a Notice of Appeal of the state trial court's February 5, 2014 judgment entry.  (Doc. No. 7-1, Exh. 15.)  However, Black did not file an appellate brief and the state appellate court dismissed this appeal for want of prosecution on May 20, 2014.  (Doc. No. 7-1, Exh. 16.)  Black thereafter filed a "Motion for Re-Consideration" of this dismissal on June 2, 2015.  (Doc. No. 7-1, Exh. 20.)  The state appellate court denied this request.  (Doc. No. 7-1, Exh. 21.)

On May 23, 2014, Black filed a "Motion to Use Transcripts to Submit Merit Brief," asserting he could not submit "a merit brief without the transcript of the plea and sentencing hearing."  (Doc. No. 7-1, Exh. 17.)  That same date, Black also filed a "Motion for Enlargement of Time to File Merit Brief" with the state appellate court.  (Doc. No. 7-1, Exh. 18.)  The state appellate court denied these motions on June 2, 2014.  (Doc. No. 7-1, Exh. 19.)

**C.**     **Motion to Correct Sentence Unauthorized by Law**

On June 22, 2015, Black filed a *pro se* "Motion to Correct Sentence Unauthorized by Law" with the state trial court.  (Doc. No. 7-1, Exh. 22.)  The State filed a brief in response. (Doc. No. 7-1, Exh. 23.)  The state trail court denied this Motion on January 8, 2016.  (Doc. No. 7-1, Exh. 24.)

Black, proceeding *pro se*, filed a Notice of Appeal of this decision on January 28, 2016. (Doc. No. 7-1, Exh. 25.)  Within his brief, Black raised the following assignment of error:

> The trial court abused its discretion and committed reversible error when it imposed a consecutive judicial-sanction sentence in 2012 based upon a void post-release control in 2008 then improperly construed Mr. Black's motion to correct that sentence unauthorized by law, as a petition for post-conviction relief, when a void judgment can be attacked at any time. Article I, §§ 1, 16; Ohio Constitution and Fourteenth Amendment to the United States Constitution.

5

(Doc. No. 7-1, Exh. 26.)  The State filed a brief in response, to which Black replied.  (Doc. No. 7-1, Exh. 27, 28.)

On August 19, 2016, the state appellate court affirmed the decision of the state trial court. (Doc. No. 7-1, Exh. 29.)

On September 15, 2016, Black filed a *pro se* Notice of Appeal with the Supreme Court of Ohio.  (Doc. No. 7-1, Exh. 30.)  Within his Memorandum in Support of Jurisdiction, Black raised the following proposition of law:

> The Fifth District Court of Appeals erred when it affirmed the trail court's imposition of a sanction for violating a the imposition of post-release control from a previous sentence which was void and open to collateral attack at any time when there was noting[sic] that the Appellant might due or fail to do either before or after the matter was called to the attention of the court.

(Doc. No. 7-1, Exh. 31.)  The State filed a brief in opposition.  (Doc. No. 7-1, Exh. 32.)

On January 25, 2017, the Supreme Court of Ohio declined to accept jurisdiction of Black's appeal, pursuant to S.Ct.Prac.R. 7.08(B)(4).  (Doc. No. 7-1, Exh. 33.)

**E.**    **Federal Habeas Petition**

On January 26, 2018,[2] Black filed a Petition for Writ of Habeas Corpus in this Court and asserted the following ground for relief:

**GROUND ONE**: Violation of petitioner's right to due process.

---

[2]  Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities.  *See Houston v. Lack*, 487 U.S. 266 (1988).  Normally, a Court will consider a habeas petition as filed on the date in which a petitioner asserts they placed it into the prison mailing system.  Here, however, Black did not specify the date in which he placed his petition in the prison mailing system, instead only indicating he mailed it in January 2018. (Doc. No. 1 at 15.)  Thus, Black loses the benefit of the mailbox rule and the Court considers his petition as filed on January 26, 2018, the date in which it arrived at the courthouse for filing.  (Doc. No. 1.)

6

> **Supporting Facts**: The state violated Petitioner's right to due process when the court improperly imposed PRC in case no. 2008-CR-0288D and imposed a 861 day judicial sanction in case no. 2012-CR-0489D based upon that void sentence.

(Doc. No. 1.)

On March 14, 2018, Warden Harris ("Respondent") filed his Return of Writ.  (Doc. No. 7.)  Black filed a Traverse on May 9, 2018.  (Doc. No. 9.)  Respondent filed a Reply on May 15, 2018.  (Doc. No. 10.)

### III.  Law and Argument – Statute of Limitations

**A.      One-Year Limitation Under AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year limitations period in a habeas action brought by a person in custody pursuant to the judgment of a State court.  Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsection (A) is relevant to this Petition and will be discussed below.[3]

---

[3]      Black does not argue the limitations period should commence at a later date for any of the reasons set forth in §§2244(d)(1)(B)-(D).

7

**B.      One-Year Limitation – § 2244(d)(1)(A)**

Respondent asserts Black's Petition is time-barred because he did not file within the one-year limitations period provided by AEDPA.  (Doc. No. 7 at 8.)  Respondent maintains that while Black filed several motions which tolled the one-year limitations period, such "statutory tolling only extend[ed] Black's AEDPA statute of limitations to March 26, 2015."  (*Id*. at 10-11.) Respondent argues that Black's January 26, 2018 federal habeas petition was therefore filed "almost three years after the AEDPA limitations period expired."  (*Id.* at 11.)  Respondent asserts Black is not entitled to equitable tolling and has not established actual innocence to overcome the time-bar.  (*Id*. at 13-14.)

Black does not directly address Respondent's arguments regarding the statute of limitations, beyond asserting he "timely filed his writ of habeas corpus."  (Doc. No. 9 at 11.)

Pursuant to § 2244(d)(1)(A), the AEDPA's one year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, this one-year limitation is tolled during the time  " 'a properly filed application for State postconviction or other collateral review ... is pending.' § 2244(d)(2)."  *Evans v. Chavis*, 546 U.S. 189, 191, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006); *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); accord *Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir.2003).  "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law."  *Id.*  Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state

8

postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 2, 3, 169 L.Ed.2d 329 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905 at *2 (S.D.Ohio Jan.8, 2009).  Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling.  *See Monroe*, 2009 WL 73905 at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir.2007).

Here, Black was sentenced on October 10, 2012 and the trial court's judgment was journalized that same date.  (Doc. No. 7-1, Exh. 3.)  Black then had thirty (30) days, or until November 9, 2012, to file an appeal with the state appellate court; he failed to successfully do so. *See* Ohio App. R. 4(A).  Thus, the Court finds Black's conviction and sentence became "final" for purposes of §2244(d)(1)(A) on November 9, 2012, thirty (30) days after the time to file a timely notice of appeal with the state appellate court expired.  Therefore, the Court finds the limitations period commenced on November 10, 2012 and, absent tolling, expired one year later, on November 10, 2013.

However, Black filed two post-judgment motions which served to toll the statutory limitations period.  A review of the record indicates the limitations period initially ran uninterrupted for 139 days, from November 10, 2012 to March 29, 2013.  On March 29, 2013,

9

Black filed[4] a  "Petition to Vacate or Set Aside Judgment of Convivtion[sic] or Sentence" with

the state trial court.  (Doc. No. 7-1, Exh. 5.)  On July 17, 2013, Black, with the assistance of

counsel, filed a "Motion to Vacate Judicial Sanction."  (Doc. No. 7-1, Exh. 11.)

The state trial court denied both of these motions on February 5, 2014.  (Doc. No. 7-1,

Exh. 14.)  Black then filed a Notice of Appeal with the state appellate court on March 3, 2014.

(Doc. No. 7-1, Exh. 15.)  On May 20, 2014, the state appellate court dismissed Black's appeal

for want of prosecution, based on Black's failure to file an appellate brief.  (Doc. No. 7-1, Exh.

16.)  Black then had forty five (45) days, or until July 7, 2014, to file an appeal with the Supreme

Court of Ohio, but failed to do so.  *See* Ohio S. Ct. Prac. R. 6.01(A)(1).

Black did file[5] a "Motion for Re-Consideration" of this decision on June 2, 2015.  (Doc.

No. 7-1, Exh. 20.)  It is "unclear whether motions for reconsideration filed pursuant to Ohio

App. R. 26(A) toll AEDPA's statute of limitations."  *DiCenzi v. Rose*, 452 F.3d 465, 468, n. 1

---

[4]     As noted *supra*, Black filed an "Affidavit in Support of Petition for Post Conviction
Relief," Motion For Appointment of Counsel, "Motion for Appointment of Counsel
and Transcripts at States' Expense," and "Written Submissions in Support of Petition
for Post Conviction Relief" in connection with this Petition.  (Doc. No. 7-1, Exh. 6,
7, 9, 10.)

[5]     The Court acknowledges Black filed a "Motion to Use Transcripts to Submit Merit
Brief" on May 23, 2014.  (Doc. No. 7-1, Exh. 17.)  That same date, Black also filed
a "Motion for Enlargement of Time to File Merit Brief" with the state appellate
court.  (Doc. No. 7-1, Exh. 18.)  The state appellate court denied these motions on
June 2, 2014.  (Doc. No. 7-1, Exh. 19.)  As these motions does not collaterally attack
Black's conviction or sentence, they do not have any tolling effect.  *See Witkowski
v. Vasbinder*, 2006 WL 618891, *4 (E.D. Mich. Mar. 9, 2006)("Further, federal
courts have held that requests or motions for evidentiary material and transcripts
actually filed with the court do not operate to toll the one-year period.").  *See also
Cannon v. Bunting*, 2014 WL 6687220, *9 (N.D. Ohio Nov. 26, 2014)("To toll the
AEDPA limitation period, courts in this circuit have held that the petitioner's actions
must seek collateral review of their underlying conviction and sentence.").

10

(6th Cir. 2006)(citing *Draughon v. DeWitt*, 65 Fed. App'x 949, 951 (6th Cir. Apr. 24, 2003).).
*See also Garner v. Gansheimer*, 2010 WL 547482, *5 (N.D. Ohio Feb. 10, 2010).  However,
regardless of whether this motion for reconsideration tolls the statute of limitations, Black's
federal habeas petition is time-barred.  *See Garner*, 2010 WL 547482 at *5 ("this Court will
assume without deciding that a motion for reconsideration does toll the AEDPA statute of
limitations."); *Sayles v. Warden, London Correctional Inst.*, 2012 WL 3527226, *6 (S.D. Ohio
July 17, 2012).  Indeed, the state appellate court denied Black's Motion for Re-Consideration on
June 26, 2014.  (Doc. No. 7-1, Exh. 21.)  Black did not appeal the state appellate court's denial
of this Motion to the Supreme Court of Ohio, and the deadline to do so was on August 11, 2014.
*See* Ohio S. Ct. Prac. R. 6.01(A)(1).  At this point, 139 days of the statutory period had elapsed.
Assuming the limitations period resumed running on August 12, 2014, it ran uninterrupted for
226 days until it expired on March 26, 2015.

Accordingly, because the statutory limitations period expired on March 26, 2015 and
Black did not file[6] his habeas petition until January 26, 2018, it is untimely under
§2244(d)(1)(A).  Therefore, unless equitable tolling is appropriate, Black's Petition should be
dismissed as time-barred.

## C.      Equitable Tolling

The Supreme Court has held the AEDPA statute of limitations is subject to equitable
tolling in appropriate circumstances.  *Holland v. Florida,* 560 U.S. 631, 645 (2010).  In order to

---

[6]      As noted *supra*, Black filed a *pro se* "Motion to Correct Sentence Unauthorized by
Law" with the state trial court on June 22, 2015.  (Doc. No. 7-1, Exh. 22.)  However,
because this motion was filed after the statute of limitations had already expired, it
has no tolling effect.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir.2003).

be entitled to equitable tolling, a habeas petitioner must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented timely filing.  *Holland,* 130 S.Ct. at 2565.  *See also Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights."  *Vroman*, 346 F.3d at 605, quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); accord *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir.2003).

The Court finds Black has failed to demonstrate he is entitled to equitable tolling.  As an initial matter, Black has not raised any argument as to why equitable tolling would be appropriate.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(holding a petitioner bears the burden of proving equitable tolling is applicable).  Regardless, the record does not establish Black has been reasonably diligent in pursuing his rights.  Black did not file a direct appeal with the state appellate court and has never attempted to file a Motion for Delayed Appeal.  The state appellate court dismissed Black's appeal of the state trial court's denial of his post-conviction petitions because he did not file an appellate brief.  Black did not appeal the state appellate court's dismissal of his appeal or the denial of his motion for reconsideration.  Moreover, given that Black has been able to file multiple post-conviction motions with the state courts, there does not appear to be any "extraordinary circumstance" which prevented him filing a timely federal habeas petition.

The Court also rejects any suggestion Black's *pro se* status constitutes "extraordinary circumstances" warranting equitable tolling.  The Sixth Circuit has repeatedly held that

12

"ignorance of the law alone is not sufficient to warrant equitable tolling."  *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Allen v. Bell*, 250 Fed. Appx. 713, 716 (6th Cir. 2007); *Taylor v. Palmer*, 623 Fed. Appx. 783, 789 (6th Cir. 2015).  *See also Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) ("[w]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Patrick v. Bunting*, 2015 WL 10488878 at * 9 (N.D. Ohio Dec. 29, 2015).  Moreover, courts within this Circuit have found a petitioner's *pro se* status, lack of legal training, poor education, and/or limited law-library access, standing alone, are similarly insufficient.  *See e.g., Hall*, 662 F.3d at 751 (petitioner's *pro se* status, limited law-library access and lack of access to trial transcript were not sufficient to warrant equitable tolling); *Keeling*, 673 F.3d at 464 ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing").

In sum, because Black failed to exercise his rights diligently and no extraordinary circumstance prevented him from filing his federal habeas Petition, the Court finds equitable tolling is not warranted in this case.

**D.**     **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court held that actual innocence, if proven, may overcome the expiration of AEDPA's one-year statute of limitations.  The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1).  *Id*. at 1931.

13

For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare" and "'[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).  In making this assessment, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence."  *Id*. (quoting *Schlup*, 513 U.S. at 332).

Black does not identify any new, reliable evidence of his actual innocence; i.e., exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available to him at the time of his underlying criminal proceedings.  *See Schlup*, 513 U.S. at 324.  Rather, Black suggests because he is  "'actually innocent' of violating Post release control," his sentence is void and its validity may be challenged "at any time."  (Doc. No. 9 at 10-12.)  However, "habeas petitioners cannot evade the AEDPA's statute of limitations 'by the simple expedient of arguing that [the challenged] conviction is void.'"  *Naegele v. Warden*, 2014 WL 2006797, *7 (S.D. Ohio May 16, 2014)(quoting *Tackett v. Warden*, 2012 WL 2094365, *6 (S.D. Ohio June 11, 2012), *report and recommendation adopted*, 2014 WL 3547371 (S.D. Ohio July 17, 2014).  *See also Frazier v. Moore*, 252 Fed. App'x 1, 5 (6th Cir. Oct. 17, 2007)("As Frazier is in custody pursuant to a judgment of the Ohio courts, even if that judgment may not be valid under state law, he is subject to 28 U.S.C. §2244(d)'s one year statute of limitations in

filing his federal habeas petition." ); *Witherell v. Warren*, 2018 WL 4897064, *3 (6th Cir. June 21, 2018)("Even if a state conviction is void, the federal habeas statute of limitations still applies where the petitioner is in custody pursuant to that state court judgment.").

Accordingly, and for the reasons set forth above, the Court finds Black has not demonstrated he is entitled to the actual innocence exception.  Thus, the Court finds the instant Petition is time-barred under §2244(d)(1).

### IV.  Law and Argument – Procedural Default

Respondent argues that in addition to being time-barred, Black's Petition is procedurally defaulted.  (Doc. No. 7 at 24.)  Respondent asserts "Black committed several state court procedural defaults which all preclude federal habeas review and relief."  (*Id.* at 26.) Respondent maintains Black is unable to establish cause, prejudice, or miscarriage of justice in order to avoid procedural default.  (*Id*. at 27.)

Black asserts his Petition is not procedurally defaulted because the state judgment against him is void.  (Doc. No. 9 at 10.)  He argues "a void judgment is open to collateral attack at any time."  (*Id*.)  He maintains he "fairly presented his claims to the highest court in the state" and "a sentence that is contrary to law cannot be validated by procedural error."  (*Id*. at 11.)

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).  A claim may become procedurally defaulted in two ways. *Id.*  First, a petitioner may procedurally default a claim by failing to comply with state procedural

rules in presenting his claim to the appropriate state court. *Id.; see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[7] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.") This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of

---

[7] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39; *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

16

the federal petition." *Engle*, 456 U.S. at 125 n. 28.  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review.  *Id*.  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal.  *Id.*  Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted.  *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law."  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error.  *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule."  *Franklin v. Anderson*, 434

17

F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with

constitutional error." *Id.*  Where there is strong evidence of a petitioner's guilt and the evidence

supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied.  *See*

*United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v.*

*LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir.

1994).  Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that

the outcome of the trial would have been different.  *See Mason v. Mitchell*, 320 F.3d 604, 629

(6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286

(1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is

actually innocent in order to prevent a "manifest injustice."  *See Coleman v. Thompson*, 501 U.S.

722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  Conclusory statements are not

enough—a petitioner must "support his allegations of constitutional error with new reliable

evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324,

115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  *See also Jones v. Bradshaw*, 489 F. Supp.2d 786, 807

(N.D. Ohio 2007); *Allen v. Harry*, 2012 WL 3711552 at * 7 (6th Cir. Aug. 29, 2012).

With these principles in mind, the Court finds Black's Petition is procedurally defaulted.

Black did not raise his ground for relief upon direct appeal.  Indeed, he did not file a direct

appeal of his sentence.  Rather, Black initially presented this claim in a March 29, 2013 post-

18

conviction filing with the state trial court, framing[8] it as an ineffective assistance of counsel argument.  (Doc. No. 7-1, Exh. 5.)  He again raised this argument[9] in a July 17, 2013 post-conviction filing with the state trial court.  (Doc. No. 7-1, Exh. 11.)  The state trail court denied both of these post-conviction petitions within the same February 5, 2014 judgment entry.  (Doc. No. 7-1, Exh. 14.)

Thereafter, Black filed an appeal of this decision with the state appellate court.  (Doc. No. 7-1, Exh. 15.)  However, Black did not file a brief and the state appellate court subsequently dismissed Black's appeal for want of prosecution under Ohio App. R. 18(C).  (Doc. No. 7-1, Exh. 16.)  Black filed a "Motion for Re-Consideration" of this decision, which the state appellate court denied.  (Doc. No. 7-1, Exh. 20, 21.)  Black did not appeal the dismissal of his appeal or the denial of his "Motion for Re-Consideration" to the Supreme Court of Ohio.

The Court finds Black procedurally defaulted his claim by failing to comply with the state procedural rules requiring the timely filing of an appellate brief.  An Ohio court's decision to dismiss an action due to the failure to comply with briefing deadlines constitutes an independent and adequate state ground for declining to review the merits of a petitioner's claims and finding procedural default.  *Marshall v. Brunsman,* 2010 WL 5627660, *8 (N.D. Ohio Dec. 3, 2010)("Failure to comply with written procedural rules detailing the timing and filing of

---

[8]     This argument was as follows: "Petitioner was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when counsel failed to file a notice of appeal when the trial court imposed a void judicial sanction of petitioner."  (Doc. No. 7-1, Exh. 5.)

[9]     Within this post-conviction filing, Black argued the "861-day judicial sanction was illegal, and that portion of Mr. Black's sentence in Case No. 2012 CR 0489D must be vacated."  (Doc. No. 7-1, Exh. 11.)

appellate documents has been adjudged a bar to federal habeas review when the rules of appellate procedure breached are well-established and regularly followed, i.e., adequate and independent State procedural rules."). *See also James v. Warden*, 2007 WL 2326867, *4 (S.D. Ohio Aug. 10, 2007)("Dismissals for failure to comply with a court order and for want of prosecution involve a 'firmly established and regularly followed' practice by all courts, not only the courts of Ohio.").

The Court acknowledges Black attempted to raise this claim again, in his June 2015 "Motion to Correct Sentence Unauthorized by Law" with the state trial court.  (Doc. No. 7-1, Exh. 22.)  The state trial court denied this motion, finding it to be "successive" and "untimely." (Doc. No. 7-1, Exh. 24.)  Black appealed this decision and the state appellate court affirmed the state trial court's decision on the basis of *res judicata*, explaining as follows:

> {¶ 17} In the present case, appellant's most recent filing, his "motion to correct sentence," asserted claims regarding post-release control that had been rejected in 2014 by the trial court when his "petition to set aside" and his "motion to vacate" were overruled. Furthermore, no significant new facts or evidence were brought out in said motion to correct sentence. We therefore hold that after this Court dismissed appellant's 2014 appeal under our case number 2014CA0014 for want of prosecution and thereafter denied his motion to reconsider the dismissal, and once he failed to perfect an appeal therefrom to the Ohio Supreme Court, *res judicata* became a bar to revisiting the matter.

*Black,* 2016-Ohio-5612 at ¶17.

Thus, the state appellate court raised[10] another procedural bar with respect to Black's

---

[10]    Black appealed the state appellate court's decision to the Supreme Court of Ohio. (Doc. No. 7-1, Exh. 30.)  The Supreme Court of Ohio declined to accept jurisdiction of Black's appeal.  (Doc. No. 7-1, Exh. 33.)  Because the Supreme Court of Ohio summarily declined to accept jurisdiction without further rationale, this Court "must presume that the Supreme Court of Ohio relied on the procedural default expressly relied upon by the court of appeals." *Thompson v. Bradshaw*, 2007 WL 2080454,

20

ground for relief: the doctrine of *res judicata*.  An Ohio court's application of the doctrine of *res judicata* is an adequate and independent state ground barring federal habeas relief. *See Hanna v. Ishee*, 694 F.3d 596, 614 (6th Cir. 2012); *Hemphill v. Hudson*, 2009 WL 1107890, *1 (N.D. Ohio Apr. 23, 2009).  Because the state appellate court enforced two separate procedural bars when considering Black's appeal, the Court finds the first three *Maupin* factors are satisfied, and absent a showing of cause and prejudice, Black's petition is procedurally defaulted.

### a.    Cause and Prejudice

Black may nevertheless obtain a merits review of his Petition if he can demonstrate cause for the default and prejudice resulting therefrom, or that failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren*, 440 F.3d at 763.

Black asserts his claim is not procedurally defaulted, citing to Ohio case law which generally stands for the proposition that "*res judicata* does not bar" a collateral attack of a void sentence.  (Doc. No. 9 at 10-11.)

To the extent Black is arguing the state appellate court improperly applied Ohio's doctrine of *res judicata*, it is true a federal habeas court can "decline[] to observe Ohio's procedural bar and instead . . . proceed[] to the merits" of a claim when "Ohio improperly invoked its *res judicata* rule."  *Richey v. Bradshaw*, 498 F.3d 344, 359 (6th Cir. 2007) (citing

---

*8 (N.D. Ohio July 16, 2007).  *See also Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) ("[w]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."); *Haliym v. Mitchell*, 492 F.3d 680, 691 (6th Cir.2007) ("[I]n determining whether a claim is procedurally defaulted, this Court must look to the last explained state court judgment.").

21

*Hill v. Mitchell*, 400 F.3d 308, 314 (6th Cir. 2005); *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001)).  Indeed, the Sixth Circuit has held that "an incorrect application of a state *res judicata* rule does not constitute reliance on an adequate and independent state ground" which would preclude habeas review.  *Wogenstahl v. Mitchell*, 668 F.3d 307, 341 (6th Cir. 2012).

However, the Court is not persuaded the state appellate court misapplied[11] Ohio's doctrine of *res judicata* such that a *de novo* review of Black's claim is warranted in these proceedings.  *See, e.g., Hill*, 400 F.3d at 314; *Brown v. Voorhies*, 2009 WL 187830, *15 (S.D. Ohio Jan. 26, 2009).  Indeed, the state appellate court acknowledged the Ohio case law which holds a void sentence cannot be "precluded from appellate review by principles of *res judicata*." *Black*, 2016-Ohio-5612 at ¶¶13-15.  The state appellate court noted Black had already "made two prior attempts" to vacate his sentence prior to the one before them and reasoned as follows:

> {¶ 15} In the *Simpkins/Fischer/Billiter* line of holdings, the Ohio Supreme Court developed its modern doctrine recognizing challenges by convicted

---

[11]     Moreover, even if this Court were to find the state appellate court improperly applied *res judicata* and proceeded to evaluate Black's claim on the merits, it would fail. Indeed, Black's sole assignment of error is his right to due process was violated "when the court improperly imposed PRC in case no. 2008-CR-0288D and imposed a 861 day judicial sanction in case no. 2012-CR-0489D based upon that void sentence." (Doc. No. 1 at 5.)  This claim is predicated upon Ohio sentencing law and is therefore noncognizable. *See, e.g., Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003).  While Black attempts to frame this ground for relief as a due process argument, he did not present it as a due process argument to the state courts.  (Doc. No. 7-1, Exh. 5, 11, 22.) Indeed, Black concedes his "entire argument in the state court was predicated on the fact that his 2008 sentence was not in accordance with (contrary to) R.C. 2929.19(B)(3) and R.C. 2967.28." (Doc. No. 9 at 12.)  Therefore, to the extent Black is making a due process argument, the Court finds it to be not only procedurally defaulted but not properly before this Court as well.  *See Connin v. Miller*, 2014 WL 29125, *4 (N.D. Ohio Jan. 3, 2014)("the claim must be presented to the state courts under the same legal theory which it is later presented in federal court.").

defendants to post-release control errors, under the void sentence doctrine, despite the traditional finality of a sentencing entry. However, we do not accept appellant's implicit contention herein that this window of opportunity for a defendant to overcome the *res judicata* doctrine was intended to continue *ad infinitum* via repetitive post-conviction challenges to his or her sentence. In other words, where a defendant has previously sought correction of his or her sentence under a "voidness" theory, and the trial court has previously rejected such motion (followed by if applicable, a failed or unsuccessful appeal), the law must recognize the finality of such post-conviction judgment.

*Black*, 2016-Ohio-5612 at ¶15.  Black does not explain how the state appellate court incorrectly applied Ohio's *res judicata* doctrine.  Indeed, the state appellate court carefully considered the line of Ohio cases which Black has referenced in his Traverse.  It noted Black had made the same argument regarding his claimed void sentence in three separate post-conviction filings.  The state appellate court then held that while a void sentence could overcome *res judicata*, this did not entitle Black to "continue *ad infinitum* via repetitive post-conviction challenges to his or her sentence."  *Black*, 2016-Ohio-5612 at ¶15.  Because federal habeas courts are obliged to "accept a state court's interpretation of that state's statutes and rules of practice," this Court can find no reason to disturb the state appellate court's conclusion.  *See Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir.1986); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Railey v. Webb*, 540 F.3d 393, 398 (6th Cir. 2008).

In addition, Black 's claim was also procedurally defaulted due to his failure to comply with the procedural rules of the state appellate court.  Black provides no explanation as to why he did not file a timely brief with the state appellate court.  In his state court filings, Black requested an extension of time to file his appellate brief, citing "limited law library hours" and

23

"overcrowding at the prison."  (Doc. No. 7-1, Exh. 18.)  The state appellate court denied this request, noting that while Black's brief was due on April 25, 2014,  he did not request an extension of time until May 15, 2014.  (Doc. No. 7-1, Exh. 21.)  The Court can find no explanation for Black's decision to wait several weeks until after his brief was due to file a request for an extension.  Moreover, Black did not appeal the state appellate court's dismissal of his appeal and provides no explanation for his failure to do so.

As Black is unable to establish cause to excuse his procedural default, the Court declines to address the issue of prejudice.  *See Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir.2000) ("When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice."); *Group v. Robinson*, 158 F.Supp.3d 632, 651 (N.D. Ohio Jan. 20, 2016).

Accordingly, and for all the reasons set forth above, the Court finds Black has failed to establish cause and prejudice to excuse the default of his Petition.

### b.  Actual Innocence

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense.  *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) (citing *Carrier*, 477 U.S. at 495–96); *see also Schlup*, 513 U.S. at 327 (1995).  Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  To be credible, such a claim requires the petitioner to support his allegations of constitutional error

with new and reliable evidence that was not presented at trial.  *Schlup*, 513 U.S. at 324; *see also Gulertekin v. Tinnelman–Cooper*, 340 F.3d 415, 427 (6th Cir. 2003).

Black asserts in a vague and conclusory manner that he is actually innocent of violating post-release control.  (Doc. No. 9 at 12.)  The fundamental miscarriage of justice exception may be satisfied by submitting evidence showing that a constitutional violation has lead to the conviction of one who is actually innocent.  *Dretke v. Haley*, 541 U.S. 386, 393, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004).  Black has submitted no evidence that he is actually innocent.  Although Black argues he "is serving a sentence that is a legal nullity," he provides no evidence of actual innocence.  (Doc. No. 9 at 12.)  Absent new evidence of innocence, "even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  *Schlup*, 513 U.S. at 316.

Accordingly, and in light of the above, it is recommended the Court find that, in addition to being time-barred, Black's claim is procedurally defaulted.

### V. Conclusion

For all the reasons set forth above, it is recommended that the Petition be DISMISSED.

Date:   May 10, 2019                          *s/ Jonathan Greenberg*
                                             Jonathan D. Greenberg
                                             United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**